**COMMERCIAL STATE BANK, Respondent,**

v.

**Joseph P. MATT, et al., Appellants.**

**No. C4-86-15.**

Court of Appeals of Minnesota.

Aug. 5, 1986.

Cass S. Weil, David M. Gottleib, Peterson, Franke, Gray & Riach, P.A., St. Paul, for respondent.

Sheridan J. Buckley, Jr., St. Paul, for appellants.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

Joseph and Jacqueline Matt appeal from a December 24, 1985 unlawful detainer judgment ordering issuance of a writ of restitution in favor of Commercial State Bank, holder of a second mortgage on the property. The sole basis of the Matts' appeal is respondent's notice of foreclosure on a second mortgage, which they claim is deficient under Minn.Stat. § 47.20, subd. 15 (1984). The trial court determined that Minn.Stat. § 583.03, subd. 1 (1984) was controlling and limited application of section 47.20, subd. 15 to foreclosure on first mortgages. We affirm.

## FACTS

Appellants are owners of homestead property in Bloomington, Minnesota. On October 5, 1979, they executed a second mortgage on the property in favor of respondent Commercial State Bank. After appellants defaulted in April, 1983, respondent commenced a mortgage foreclosure action. The notice of foreclosure did not inform appellants that they were eligible for an extension of time prior to foreclosure and execution sale. When appellants failed to cure the default within the applicable period of time, the property was sold to respondent at a foreclosure sale on January 22, 1985, subject to appellants' right to redeem the property within six months of the sale.

Appellants' six month redemption right expired on July 22, 1985. On that date, appellants filed a petition under Title 11, Chapter 13 of the United States Bankruptcy Code for automatic extension of the redemption period to September 20, 1985, under 11 U.S.C. § 108(b)(2). Appellants failed to cure the default on or before September 20 and on October 3, 1985, the automatic stay under 11 U.S.C. § 362 was terminated. Respondent then commenced its unlawful detainer action.

At the unlawful detainer hearing, appellants argued that notice of foreclosure was deficient since it omitted "a statement that the borrower may be eligible for an extension of time prior to foreclosure and execution sale under sections 583.01 to 583.12" pursuant to Minn.Stat. § 47.20, subd. 15 (1984). The trial court found:

> The language of the statute is clear—Minn.Stat. § 47.20 Subd. 15 applies to certain first mortgages. Plaintiff foreclosed a second mortgage. Therefore, Plaintiff was not required to give Defendants notice that they may have been eligible for an extension of time prior to foreclosure and execution sale under sections 583.01 to 583.12. Accordingly, the writ of restitution may issue.

Judgment was entered for respondent and this appeal followed.

## ISSUE

Did the trial court err when it determined that Minn.Stat. § 583.03 (1984) rendered the notice provisions of Minn.Stat.

§ 47.20, subd. 15 (1984) inapplicable to foreclosure on a second mortgage?

## ANALYSIS

Minn.Stat. § 47.20, subd. 15 (1984) provided as follows:

Notwithstanding the provisions of any other law to the contrary, any notice of default on homestead property as defined in section 583.02, mailed after May 24, 1983 and prior to May 1, 1985, shall indicate that the borrower has 60 days from the date notice is mailed in which to cure the default. *The notice shall include a statement that the borrower may be eligible for an extension of the time prior to foreclosure and execution sale under sections 583.01 to 583.12.* (emphasis supplied).

In pertinent part, Minn.Stat. § 583.03, subd. 1 (1984) provided:

*Property Covered.* The provisions of sections 47.20, subd. 15, 559.21, subdivision 6, 580.031 and 583.01 to 583.12 *apply to first mortgages* secured by and contracts for deed conveying, homesteads within the meaning of section 583.02, * * * *. (emphasis supplied).

Appellants contend that since section 47.-20, subd. 15 makes no distinction between first and second mortgage foreclosures on homestead property, it must be read as requiring respondent to give notice in the words of the statute. Appellants argue that this result is further compelled by the introductory phrase "[n]otwithstanding the provisions of any law to the contrary." We disagree.

The provisions of section 583.03, subd. 1 are not contrary to the provisions of section 47.20, subd. 15, but instead *define* the application of section 47.20, subd. 15. Moreover, any doubt as to possible inconsistency between these sections is expressly resolved by Minn.Stat. § 583.12 (1984):

Every law, to the extent that it is inconsistent with sections 583.01 to 583.-12 is suspended during the effective period of section 583.01 to 583.12.

## DECISION

The trial court did not err when it entered judgment and ordered issuance of a writ of restitution in favor of respondent. Affirmed.